IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## THOMAS J. MCKEE  v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 69610      Richard R. Baumgartner, Judge**

————————————

**No. E2000-00008-CCA-R3-PC - Decided July 6, 2000**

————————————

The defendant appeals the trial court's dismissal of his petition for post-conviction relief.  The trial court determined the petition was time-barred by Tennessee Code Annotated section 40-30-202(a) (1997). Because the trial court erroneously determined that the one-year statute of limitations period began to run as of the conviction date of September 7, 1995, rather than when the Tennessee Supreme Court denied permission to appeal on December 28, 1998, we conclude that the post-conviction petition filed on December 9, 1999 was timely and reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the trial court is REVERSED.**

WITT, J., delivered the opinion of the court, in which HAYES, J., and OGLE, J., joined.

Thomas J. McKee, Pro Se.

Michael E. Moore, Solicitor General, R. Stephen Jobe, Assistant Attorney General, Nashville, Tennessee, Randall E. Nichols, District Attorney General, Knoxville, Tennessee, for the Appellee, State of Tennessee.

### OPINION

The petitioner, Thomas J. McKee, appeals the Knox County Criminal Court's dismissal of his petition for post-conviction relief.  He argues, and the state agrees, that the statute of limitations set forth in Tennessee Code Annotated section 40-30-202(a) was erroneously applied to his case.  Because we conclude that both parties are correct, the judgment of the trial court is reversed, and the case is remanded to the trial court for further post-conviction proceedings.

The trial court convicted the defendant of first degree murder on September 7, 1995. He appealed his conviction to this court, which affirmed the conviction on April 28, 1998. See State v. Thomas J. McKee, No. 03C01-9603-CR-00092 (Tenn. Crim. App., Knoxville, Apr. 28, 1998). The petitioner applied to the supreme court for permission to appeal, but by order entered December 28, 1998, the supreme court denied the application.

The petitioner filed his post-conviction petition in the trial court on December 9, 1999. That court determined that the petition was barred by the statute of limitations set forth in Tennessee Code Annotated section 40-30-202(a) because more than one year had elapsed between the September 7, 1995 date of the conviction and the December 9, 1999 filing of the petition for post-conviction relief. On appeal, the defendant challenges this action, arguing that Code section 40-30-202(a) provides for the one-year statute of limitations to run from the "date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-202(a) (1997). The state agrees that the defendant is correct.

Post-conviction petitions must be filed within one year of the date of the "final action of the highest state appellate court to which an appeal is taken." Id. In the present case, the highest state appellate court involved is our supreme court, and its final action was taken on December 28, 1998. Accordingly, the present petition, which was filed on December 9, 1999, was timely.

The order of the trial court is reversed, and the cause is remanded to the trial court for further post-conviction proceedings.